UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANGELA SUE ROSANDER,

    Plaintiff,

v.                               CAUSE NO. 3:21-CV-164 DRL-MGG

ANDREW HOLCOMB,

    Defendant.

OPINION AND ORDER

Angela Sue Rosander, a prisoner without a lawyer, filed a complaint alleging she has been denied medical treatment for her knees while being held at the Marshal County Jail as a pretrial detainee. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Ms. Rosander alleges she was wearing a medically prescribed brace on her left knee when she was arrested on December 9, 2020. Upon arrival at the Marshall County Jail, her brace was taken. Two days later, she told Nurse Mary Loftus about her need for

the brace. Nurse Loftus said the brace had to be approved by Andrew Holcomb. Ms. Rosander alleges she is still without her brace and has never heard back from Andrew Holcomb.

A pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment'." *Bell*, 441 U.S. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, __; 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*). Here, Andrew Holcomb may have a valid reason for denying the knee brace, but it is not apparent based solely on the complaint. Therefore Ms. Rosander may proceed against Andrew Holcomb on a claim for denying the knee brace.

Ms. Rosander also alleges she fell on her right knee when she slipped in water on January 11, 2021. That morning, staff had been notified water was leaking around a toilet. Inmates were given a mop and bucket to clean up until maintenance was able to attempt to repairs around 1:30 p.m. Believing the repair was complete, maintenance left, but an additional problem continued to cause water to leak on the floor. Staff were again notified, and the inmates were told to use the mop and bucket to clean up. Unfortunately,

2

Ms. Rosander slipped and fell in the water around 7:00 p.m. before subsequent repairs were made. Based on these facts, there is no indication the water hazard was intended as punishment. Nor is there any indication the staff response to it was not rationally related to a legitimate nonpunitive governmental purpose. The inmates were given tools to mitigate the risk. Within hours, maintenance attempted repairs which were initially believed successful. When it was clear the problem continued, inmates were again provided tools to mitigate the risk. The complaint does not state a claim based on the leaking water nor the slip and fall.

Ms. Rosander further alleges she was denied medical treatment after she fell. She alleges a photo of the knee was sent to Nurse Mary Loftus who forwarded it to Dr. Tchapet. Someone told her she would be examined the next morning. However, she says no one ever has examined her or provided any medical treatment for her right knee which still hurts. "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Here, there is no indication either Nurse Loftus or Dr. Tchapet were told anything about her knee other than what they saw in the photo. The complaint does not explain what was in the photo that would have indicated to them that she had an problem that needed medical attention. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Because this complaint does not provide sufficient facts to show a denial of constitutionally adequate medical care, it does not state a claim against Nurse Loftus or Dr. Tchapet.

The complaint also alleges Nurse Shelly T. supervises Nurse Mary Loftus and that Sheriff Hassel supervises the jail and its staff. However, under 42 U.S.C. § 1983, supervisors cannot be held liable for the actions of their employees. "Only persons who

4

cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Finally, the complaint names Marshall County Jail Employees and Jail Staff as defendants. These broad descriptions are the equivalent of listing "John Doe" as a defendant. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

For the forgoing reasons, the court:

(1) GRANTS Angela Sue Rosander leave to proceed against Andrew Holcomb in his individual capacity for compensatory and punitive damages for denying her a knee brace from December 9, 2020, to present in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Marshall County Jail Employees, Mary Loftus, Shelly T., Tchapet, Jail Staff, and Hassel;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Andrew Holcomb at the Marshall County Jail with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Marshall County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Andrew Holcomb to respond to the complaint as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 29, 2021

*s/ Damon R. Leichty*
Judge, United States District Court