UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANGELA SUE ROSANDER,

    Plaintiff,

v.                                        CAUSE NO. 3:21-CV-164-DRL

ANDREW HOLCOMB,

    Defendant.

OPINION AND ORDER

Angela Sue Rosander, a prisoner without a lawyer, is proceeding in this case "against Andrew Holcomb in his individual capacity for compensatory and punitive damages for denying her a knee brace from December 9, 2020, to present in violation of the Fourteenth Amendment[.]" ECF 4 at 5. Officer Holcomb filed a motion for summary judgment. ECF 56. Ms. Rosander filed a response, and Officer Holcomb filed a reply. ECF 66, 67. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quotations omitted). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* To prevail on a Fourteenth Amendment claim, a pretrial detainee must show (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015)); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

Officer Holcomb tendered an affidavit. Officer Holcomb is currently the Chief Jail Officer at the Marshall County Jail. ECF 58-2 at 1. During the intake and booking process at the Marshall County Jail, jail staff go through a series of screening questions with new

inmates covering things like medical information and history. *Id.* If an inmate arrives wearing or using a medical device, jail staff are instructed to find out if the inmate has an immediate need for the device or is able to function without the device. *Id.* at 2. If the inmate has an immediate need for the device, jail staff will allow the inmate to keep the device and house them in an individual cell until they can be assessed by the medical department regarding the medical necessity of the device. *Id.* If the inmate does not have an immediate need for the device, the inmate is not permitted to wear that device until they are seen by the medical department and medical staff determines the device to be medically necessary. *Id.* Medical staff, not jail staff, make the determination as to what devices are medically necessary for inmates. *Id.* at 3. As Chief Jail Officer, Officer Holcomb does not have the ability or authorization to override the jail doctor in determinations as to medical necessity. *Id.* Instead, he defers and relies on the medical department with respect to inmate medical issues, including whether a medical device like a knee brace is medically necessary. *Id.*

On December 9, 2020, Ms. Rosander was booked into the Marshall County Jail. ECF 58-2 at 1. Because Ms. Rosander was able to get around without a knee brace, jail staff would not allow her to keep the knee brace until she received a determination from the medical department that the device was medically necessary. *Id.* at 2. On December 11, 2020, Ms. Rosander had an intake screening performed by the medical department. *Id.* at 3. On December 20, 2020, she had a standard 14-day intake assessment performed by the medical department. *Id.* If medical staff had determined during either of these visits that Ms. Rosander had a medical need for a left knee brace, that information would

3

have been communicated to Officer Holcomb and she would have been permitted to wear the knee brace. *Id.* But Officer Holcomb received no such information. *Id.*

Around January 11, 2021, Officer Holcomb received a grievance from Ms. Rosander requesting that she be allowed to wear a knee brace. ECF 58-2 at 4. Officer Holcomb spoke with the medical department regarding the complaint, and was advised that Ms. Rosander had been seen by the jail doctor and the brace was not deemed medically necessary. *Id.* Accordingly, he closed out the grievance, as it appeared the medical department was apprised of and handling the knee brace situation. *Id.* On March 11, 2021, Officer Holcomb received another grievance from Ms. Rosander and, after confirming his earlier understanding with the medical department that the knee brace was not medically necessary, responded that he would not be approving the knee brace unless medical determined it was medically necessary. *Id.* Officer Holcomb had no reason to question the medical department's determinations that Ms. Rosander's knee brace was not medically necessary. *Id.* Around August 17, 2021, Ms. Rosander was approved by a physician to wear a knee brace, and was permitted to wear a knee brace at that point. *Id.* at 5. Because Ms. Rosander does not dispute these attestations, the court accepts them as undisputed.

Here, based on the undisputed evidence in the record, no reasonable jury could conclude Officer Holcomb violated Ms. Rosander's Fourteenth Amendment rights by denying her requests for a knee brace between December 2020 and August 17, 2021. Specifically, the undisputed facts show the jail's policy limiting inmates' access to unnecessary medical devices is reasonably related to its legitimate goal of promoting the

4

safety and security of the jail facility, as unnecessary medical devices pose a threat to inmates and jail staff. *See* ECF 58-2 at 5 ("an inmate may use a medical device to secret away contraband items, including weapons, drugs, etc., and/or the devices themselves may pose a security threat as they could be used as weapons against staff and other inmates"); *Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (noting that the safety and security of the jail facility are legitimate penological objectives).

Moreover, the undisputed facts show Officer Holcomb's application of that policy to Ms. Rosander was neither excessive nor objectively unreasonable, as it is undisputed Officer Holcomb consistently conferred with medical staff and deferred to their decision that Ms. Rosander's knee brace was not medically necessary. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands") (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference").

In her response, Ms. Rosander does not dispute that she required, and did not receive, medical authorization to wear her knee brace at the jail between December 2020 and August 2021. Instead, she argues Officer Holcomb's conduct was nevertheless unreasonable for several reasons. First, Ms. Rosander argues that, when she first arrived at the jail in December 2020, several members of jail and medical staff told her she could not wear her knee brace until it was approved by Officer Holcomb. ECF 66 at 3-5. But this does not refute Officer Holcomb's attestation that he deferred to the medical staff's

5

decision that Ms. Rosander did not require a knee brace. Next, Ms. Rosander argues Officer Holcomb allowed her to wear a brace with exposed metal in January 2022, which shows he was not concerned about safety. *Id.* at 3-4. But the fact that Officer Holcomb allowed her to wear a knee brace with exposed metal in January 2022 does not show his conduct of deferring to medical staff between December 2020 and August 2021 was objectively unreasonable. Last, Ms. Rosander argues Officer Holcomb should have known the medical staff at the jail were not qualified to determine whether she required a knee brace, and he instead should have consulted with orthopedic specialists. ECF 66 at 6-7. But Officer Holcomb is entitled to rely on the experience of his medical staff, and there is no evidence he had any reason to doubt the reliability of his medical staff's decision. *See Greeno*, 414 F.3d at 656.

Accordingly, because the undisputed facts show Officer Holcomb reasonably relied on the expertise of medical staff in determining Ms. Rosander did not require a knee brace between December 2020 and August 2021, no reasonable jury could conclude he violated Ms. Rosander's Fourteenth Amendment rights. Summary judgment is warranted in his favor.

For these reasons, the court:

(1) GRANTS Officer Holcomb's summary judgment motion (ECF 56); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Holcomb and against Angela Sue Rosander and to close this case.

SO ORDERED.

April 19, 2023                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court